**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Richard Alexander Murdaugh, Sr., | ) | C/A No.: 2:26-cv-01989-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS** |
| | ) | |
| Rebecca Hill, | ) | |
| | ) | |
| Defendant. | ) | |

**TO: PLAINTIFF, RICHARD ALEXANDER MURDAUGH, SR., BY AND THROUGH HIS COUNSEL**

YOU WILL PLEASE TAKE NOTICE that Defendant, by and through the undersigned counsel, respectfully moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and/or for this Court's lack of subject-matter jurisdiction pursuant to Rules 12(b)(6) and/or P. 12(b)(1) of the Federal Rules of Civil Procedure.

Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of Plaintiff's suit based upon Plaintiff's failure to state a claim for relief. Plaintiff alleges, in short, that Defendant's actions deprived him of an impartial jury and that he is, therefore, entitled to recover the full sum of the money the spent on his criminal trial defense. Such damages fall outside the scope of 42 U.S.C. § 1983 and 1988: the Fourth Circuit has never established that damages stemming from the legal costs associated with defending an underlying criminal case are redressable under the statute. Further, to the extent that other circuits have considered the question, they, along with the Fourth Circuit, have been clear that in the event such damages are recoverable, a plaintiff must show that his damages were caused by the defendant's actions. Such cannot be the case here, where the entirety of the economic damages claimed by the Plaintiff would have been spent on his criminal defense regardless of any actions taken by this Defendant. Similarly, and for

much the same reasons, Defendant is entitled to dismissal of Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, where the compensatory damages sought by the Plaintiff are not traceable to the Defendant's actions. Finally, to the extent, if any, that Plaintiff argues otherwise that, inconsistent with his Complaint, he seeks damages related to the second, future trial, Defendant likewise moves to dismiss Plaintiff's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure: under such a theory, Plaintiff's damages have not, and indeed might not ever, accrue, and Plaintiff's suit would therefore not be ripe for adjudication, divesting this Court of jurisdiction to entertain the same.

Finally and most critically, even if Plaintiff states a compensable claim, Defendant is nonetheless entitled to Eleventh Amendment immunity, quasi-judicial immunity, and qualified immunity, all of which bars Plaintiff's suit.

Defendant's arguments and legal authority are contained in the memorandum of law submitted herewith.

Respectfully Submitted,


_s/Charles F. Turner, Jr._____
Charles F. Turner, Jr. (Fed. I.D. # 05849)
G. Troy Thames (Fed. I.D. #07713)
J. Nathan Ozmint (Fed. I.D. #14360)
Bowman H. Taylor (Fed. I.D. #14690)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
          tthames@wjcblaw.com
          jnozmint@wjcblaw.com
          bhtaylor@wjcblaw.com
**ATTORNEYS FOR DEFENDANT**


June 18, 2026

2