**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Richard Alexander Murdaugh, Sr., | ) | C/A No.: 2:26-cv-01989-CMC |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S REPLY TO** |
| | ) | **PLAINTIFF'S RESPONSE IN** |
| v. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| Rebecca Hill, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant submits this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (ECF No. 15).

**I.      *Defendant did not cause a compensable injury under 42 U.S.C. § 1983.***

Plaintiff argues that whether or not he is entitled to compensatory damages for the legal fees that resulted from his underlying criminal prosecution – the only damages Plaintiff pled in his Complaint, saving punitive damages – is irrelevant to Defendant's Motion to dismiss; Plaintiff misinterprets Defendant's argument: Defendant's identification of the novelty of Plaintiff's legal theory addresses not which categories of damages are ultimately recoverable by the Plaintiff, but instead speaks to the core requirements of causation and injury in a § 1983 suit. Plaintiff's Complaint fails to allege facts from which this Court could infer those core requirements. Too, the Defendant's argument that Plaintiff's damages are not redressable under § 1983 is indeed proper: as Plaintiff has failed to plead nominal damages, disallowing the compensatory damages alleged by Plaintiff would render Plaintiff's claim moot, thus depriving the Court of jurisdiction.

A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Damages under § 1983 are designed not to compensate plaintiffs for the vague value of

constitutional deprivations, but to compensate for the injuries directly attributable to such deprivations. *Carey v. Piphus*, 435 U.S. 247, 254-257 (1978). Accordingly, claims brought pursuant to § 1983 require both "but-for" and proximate cause analyses. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Defendant's recitation of *Townes*' and *Borunda*'s opposite approaches to the question of whether attorneys' fees in an underlying criminal case are compensable under § 1983, then, inevitably does weigh on the question of what damages are available to the Plaintiff, and Plaintiff may be correct that this question is irrelevant in the context of a motion to dismiss pursuant to Rule 12(b)(6); however, Defendant's motion is not based primarily on which approach is correct – it is based on the argument that in both cases the question was decided on the basis of whether the defendants there had caused the injuries complained of.[1] To that extent, it is of no issue whether the Court follows *Townes* or, alternatively, *Borunda*: in either case, Plaintiff must plead an injury caused by the Defendant. He has failed to do so here.

Plaintiff concedes that Defendant here did not cause the prosecution of the Plaintiff nor the trial itself. Rather, Plaintiff argues that Defendant caused the funds expended in Plaintiff's first

---

[1] *See Townes*, 176 F.3d at 146-47 ("the unconstitutional seizure and search of Townes's person was not a **proximate cause** of his conviction.") (emphasis added); *Borunda*, 885 F.2d at 1390 (finding "[t]he jury was entitled to find . . . that appellants procured the filing of the criminal complaint by making misrepresentations to the prosecuting attorney," thus, "[t]he amount of attorneys' fees incurred during the criminal prosecutions **was a direct and foreseeable consequence** of the appellant's unlawful conduct.") (emphasis added); *Glass v. Anne Arundel Cty.*, No. WDQ-12-1901, 2015 U.S. Dist. LEXIS 100065, at *12-14 (D. Md. July 30, 2015) (explaining a plaintiff bringing a § 1983 false arrest claim is not necessarily barred "from **obtaining damages for out-of-pocket expenses** incurred after legal process issues but **which were a foreseeable consequence of the allegedly unlawful detention that preceded legal process**.") (emphasis added); *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1253-54 (D.N.M. 2009) (holding plaintiff was allowed to "argue to the jury that, **but for** the illegal search at his home, he would not have had to face the charges he did and would not have had to be incarcerated, he would not have incurred expenses defending himself, and . . . such charges, with their attendant litigation expenses . . . could **foreseeably flow** from the illegal search, given that the primary purpose of a search is frequently to recover fruits of crime for the purpose of bringing a criminal prosecution.") (emphasis added).

trial to be lost or wasted. Herein lies the novelty of Plaintiff's argument: Plaintiff does not, and cannot, allege that the attorneys' fees would not have been spent but for Defendant's actions. The Plaintiff's motion for a directed verdict in his criminal trial was denied; Defendants' conduct did not, even in Plaintiff's own telling, cause the Plaintiff's criminal trial to go before the jury and did not cause the jury to render a verdict. The same would have occurred regardless of any action taken by Defendant. Ultimately the Plaintiff paid for a trial that he received. Furthermore, Plaintiff successfully appealed his conviction, now overturned. Plaintiff, then, received the full benefit of his legal defense; even in the Plaintiff's own factual recitation, Plaintiff concedes that eleven jurors voted to convict him based solely on the evidence properly admitted at trial – a verdict of "not guilty" was not in the offing regardless of any actions of Defendant. Accordingly, the only benefit denied to the Plaintiff was a potential mistrial, in which Plaintiff would face the exact position he now occupies, in which the charges against the Plaintiff may be dismissed by the state, in which Plaintiff might plead guilty to the charges or to lesser charges, or in which Plaintiff may be retried.

Plaintiff's insistence, then, that he seeks damages related to the "loss" of funds from the first trial is but an end-around to achieve Plaintiff's ultimate aim, which is to seek the costs of the potential second trial; such a second trial would be, theoretically, a far more foreseeable injury based on the Defendant's alleged conduct; such damages, however, would not yet be ripe, eroding Plaintiff's standing and thus depriving this Court of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021) ("[A] plaintiff must "'demonstrate standing separately for each form of relief sought.'" (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U. S. 167, 185 (2000)); *Wells v. Johnson*, 150 F.4th 289, 299 (4th Cir. 2025) (explaining plaintiffs must "show standing, within each claim, to seek each remedy they ask for."). It is for this reason that Plaintiff advances such a novel theory:

3

that attorneys' fees in an underlying criminal case, which were concededly not caused by the Defendant and would have been spent absent any action by this Defendant, were foreseeably caused by the Defendant's actions.

Accordingly, the damages sought by Plaintiff have not yet occurred and Plaintiff's claims are not yet ripe; it is for this reason that Plaintiff insists that disallowing the sole damages pled by the Plaintiff – compensatory damages related to the costs of his first trial – is premature and of no issue, because, as Plaintiff argues, nominal damages provide the Plaintiff with standing sufficient to survive a motion to dismiss. However, on this too, Plaintiff is mistaken in the application, even if not the law. While it is true that nominal damages may provide a sufficient basis for standing, a claim for nominal damages **must be made**. In *Uzuegbunam v. Preczewski*, cited by Plaintiff, the Appellants sought nominal damages and injunctive relief. 592 U.S. 279, 284 (2021). "Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages." *Id.* at 290. Accordingly, *Uzuegbunam* solely "carved out an exception to mootness in Section 1983 actions that . . . applied where a plaintiff **had properly pled a claim for nominal damages.**" *Caroline Cty. Branch of the NAACP v. Town of Federalsburg*, 702 F. Supp. 3d 410, 415-16 (D. Md. 2023) (emphasis added) (citing *Uzuegbunam v. Preczewski*, *Uzuegbunam*, 592 U.S. at 293 (Kavanaugh, J., concurring)).

"Indeed, the Supreme Court has previously instructed federal courts to bear 'close inspection'" to exactly what Plaintiff seeks to do here: to assert "'a claim for nominal damages, extracted late in the day from [a plaintiff]'s general prayer for relief and asserted solely to avoid otherwise certain mootness.'" *Caroline Cty. Branch of the NAACP*, 702 F. Supp. 3d at 417 (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71, (1997)). Plaintiff has failed to plead nominal damages. Furthermore, the same may not be inferred from Plaintiff's request for "such other and

further relief as the Court may deem just and proper." (ECF No. 1, p. 16). Such an approach has

been tried and rejected. In *Foodbuy, LLC v. Gregory Packaging, Inc.*, the Fourth Circuit addressed

such an attempt as follows:

> To be sure, [plaintiff] did include a boilerplate request for other and further relief
> as the Court deems just and proper, but that language does not preserve a nominal
> damages claim when there is absolutely no specific mention in the Complaint of
> nominal damages.

987 F.3d 102, 116 (4th Cir. 2021) (internal citations and quotation marks omitted) (quoting *Fox v.*

*Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 141 (2d Cir. 1994)); *see Caroline Cty. Branch of the*

*NAACP*, 702 F. Supp. 3d at 416-18.

To the extent, then, that Defendant asserts that Plaintiff's prayer for compensatory damages

is not redressable, Defendant's motion is properly before the Court at the motion to dismiss stage.

If such damages as Plaintiff has pled are disallowed, and cannot be saved by nominal damages,

which Plaintiff has failed to plead, the sole category of damages asserted by Plaintiff are punitive.[2]

An award of punitive damages alone, unanchored by any award of compensatory or nominal

damages, abridges the purpose of damages under 42 U.S.C. § 1983: to "**compensate persons for**

**injuries** that are **caused by** the deprivation of constitutional rights." *Carey*, 435 U.S. at 254-257

(emphasis added) ("[D]amages awards under § 1983 should be governed by the principle of

compensation."). Indeed, while "[d]eterrence is also an important purpose of this system, [] **it**

**operates through the mechanism of damages that are *compensatory* — damages grounded in**

**determinations of plaintiffs' actual losses**." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299,

307 (1986) (emphasis in original and added)).

---

[2] The prospect of attorney's fees and costs cannot confer standing or prevent mootness throughout.
*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

Accordingly, Plaintiff's Complaint is moot, lacking Article III standing, and dismissal of Plaintiff's claim for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is appropriate.

**II.     *Defendant is entitled to qualified immunity.***

Plaintiff attempts to portray Defendant's assertion of qualified immunity into a factual dispute, requiring discovery and the development of evidence – it is not. Qualified immunity "provides ample protection to all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1985). Defendant makes no factual argument as to the merits or details of the contacts Plaintiff alleges that Defendant had with the jury; rather, Defendant simply argues that a reasonable clerk of court would not have known that the contacts alleged by the Plaintiff rose above harmless error. The Sixth Amendment is not automatically violated where there has been a constitutional error. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) (explaining constitutional errors may be harmless "in terms of their effect on the fact finding process at trial."). An improper comment by a clerk of court, then, that does not rise above the level of harmless error does not rise to the level of a Sixth Amendment violation. As argued by Defendant, the comments made by Hill fall within the spectrum of comments addressed by Courts in other cases, with some more innocuous comments having been found to be harmless error, and less innocuous comments having been found to rise to the level of a Sixth Amendment violation. Ultimately, though, Plaintiff provides no answer to *State v. Rowell*, in which a Court official's comment that the defendant should be punished – facially far less innocuous than the comments Defendant is alleged to have made – was found to be harmless error.

In arguing that Defendant is not entitled to qualified immunity, Plaintiff does just what the United States Supreme Court has prohibited by defining the right in question at too high a level of generality. As the Supreme Court has stated only this year:

> To find that a right is clearly established, courts generally "need to identify a case where an officer acting under similar circumstances . . . was held to have violated" the Constitution. *Escondido v. Emmons*, 586 U. S. 38, 43, 139 S. Ct. 500, 202 L. Ed. 2d 455 (2019) (*per curiam*) (internal quotation marks omitted). The relevant precedent must define the right with a "high degree of specificity," so that "every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 583 U. S. 48, 63, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018) (internal quotation marks omitted).

*Zorn v. Linton*, 146 S. Ct. 926, 930 (2026). Plaintiff attempts to waive off this requirement of a high level of specificity by arguing that any contact with the jury by a court official is presumptively and obviously prejudicial. However, as Defendant has argued, the same was not obvious to former Chief Justice of the South Carolina Supreme Court Toal; Defendant is at a loss as to how any reasonable clerk should have known that Defendant's conduct was more than mere harmless error when such an esteemed member of the judiciary did not. Too, Defendant would note, Judge Toal found Defendant's testimony lacking credibility; it was clear that she believed that Defendant had made just the statements alleged by the Plaintiff, and found the same to be harmless error.

Similarly, Plaintiff attempts to argue that this Court is somehow bound by the holding of the South Carolina Supreme Court that Plaintiff was denied a fair trial; yet that Court's answer to this ultimate question does not affect Defendant's argument in favor of qualified immunity: namely that it was not clearly established at the time of the Defendant's conduct that such conduct violated Plaintiff's clearly established right to a fair trial. To determine whether qualified immunity applies, a district court must decide (1) whether any right was violated, and (2) whether that right was "clearly established" at the time of the alleged violation. *Somers v. Devine*, 132 F.4th 689, 696 (4th Cir. 2025). Plaintiff, then, asks the Court to hold that the second half of the qualified immunity test be nullified: in Plaintiff's telling, the conclusive establishment by another court of a Constitutional violation forecloses any grant of qualified immunity. Such is plainly not the law.

7

Finally, Defendant would note the novelty of Plaintiff's damages claim here too in the assertion of qualified immunity. Defendant might have known that violating Plaintiff's Sixth Amendment right to an impartial jury could lead to the expense of a new trial; but, while Defendant acknowledges the stretch between the nature of Plaintiff's claim and Defendant's plea of qualified immunity, it is difficult to overstate the tenuous nature of Plaintiff's claim that Defendant's conduct caused the trial expenses associated with Plaintiff's underlying criminal case. Defendant can find no such Fourth Circuit or Supreme Court authority recognizing such a claim as Defendant here faces. To the extent that *Harlow* establishes that qualified immunity is meant to protect government officials from the fear of civil liability for every mistake they may make, Defendant should be afforded that protection from such a novel suit.

Accordingly, Defendant prays for an Order dismissing Plaintiff's claims, with prejudice.

.

Respectfully Submitted,

 s/Charles F. Turner, Jr.
Charles F. Turner, Jr. (Fed. I.D. # 05849)
G. Troy Thames (Fed. I.D. #07713)
J. Nathan Ozmint (Fed. I.D. #14360)
Bowman H. Taylor (Fed. I.D. #14690)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
        tthames@wjcblaw.com
        jnozmint@wjcblaw.com
        bhtaylor@wjcblaw.com
**ATTORNEYS FOR DEFENDANT**

July 9, 2026

8