**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Richard Alexander Murdaugh, Sr., | ) | Civ. No. 2:26-cv-1989-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **RULE 26(f) DISCOVERY PLAN** |
| | ) | |
| Rebecca Hill, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties make the following report to the Court:

**(A)**    **What changes should be made to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

**RESPONSE**:  The parties have agreed to waive the disclosures required by Rule 26(a)(1).

**(B)**    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**RESPONSE**: The parties will conduct discovery on the allegations set forth in the Complaint and the defenses raised in Defendant's answer to the pleadings to the extent allowed by Rule 26 of the Federal Rules of Civil Procedure.

The Court's initial scheduling order authorized discovery to commence immediately.  The parties however have agreed to pause further discovery in this matter until the Court rules on Defendant's pending motion to dismiss.  Defendant has objected to discovery until the Court rules on the motion to dismiss. The parties agree Defendant's objection is preserved and that Defendant's decision not to engage in motion practice on the issue, based Plaintiff's agreement

that the issue is preserved and to pause discovery, should not be construed as a waiver of Defendant's asserted immunity.

**(C)** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

RESPONSE: The parties will confer about the production of electronically stored information (ESI) in this case and do not anticipate a need for the Court's intervention.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

RESPONSE: The parties are unaware of any privilege issues at this time but reserve all rights to assert any applicable claim of privilege or of any other protection for any materials or information in their possession, whether currently known or unknown.  The parties agree that the inadvertent disclosure of privileged information shall not be deemed a waiver and intend to memorialize that agreement in the form of a filed stipulation pursuant to Rule 502 of the Federal Rules of Evidence.  The parties will confer about any "claw back" requests prior to raising the issue with the Court.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

RESPONSE:  None known at this time.

**(F)** **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

RESPONSE: None known at this time.

Respectfully submitted,

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
Phone (803) 252-4848
Facsimile (803) 252-4810
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

ATTORNEYS FOR PLAINTIFFS

 s/Charles F. Turner, Jr.
Charles F. Turner, Jr. (Fed. I.D. #05849)
G. Troy Thames (Fed. I.D. #07713)
J. Nathan Ozmint (Fed. I.D. #14360)
Bowman H. Taylor (Fed. I.D. #14690)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
        tthames@wjcblaw.com
        jnozmint@wjcblaw.com
        bhtaylor@wjcblaw.com
ATTORNEYS FOR DEFENDANT

**MEDIATION OF CASES PENDING BEFORE JUDGE GERGEL**
Instructions: Complete this form and file it with the joint Rule 26(f) Report.

Case Name: Murdaugh v. Hill
C/A No.: 2:26-cv-1989-RMG

1.  Would early mediation be useful in this case? If the answer is in the affirmative, when would you propose to conduct mediation in this matter?

Response: Yes, early mediation would be useful.  The parties would propose mediation after the Court resolves the pending motion to dismiss.

2.  If early mediation is not thought to be useful, when is the earliest stage in which you believe it might be useful?

Response: N/A

3.  Please provide the court with any additional information that would assist in setting a timeline for required mediation.

Response: N/A

| Signatures | Party Represented |
| --- | --- |
| /s/ Phillip D. Barber | Plaintiff |
| /s/ Charles F. Turner | Defendant |