**THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Richard Alexander Murdaugh, Sr., | ) | Civ. No. 2:26-cv-1989-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S RESPONSES TO** |
| | ) | **INTERROGATORIES PURSUANT** |
| Rebecca Hill, | ) | **TO LOCAL RULE 26.03 D.S.C.** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Local Civil Rule 26.03(A) (D.S.C), Plaintiff Richard Alexander Murdaugh, Sr., hereby provides the following information:

**1.    A short statement of the facts of the case.**

**RESPONSE:** This is a civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Rebecca Hill, former Clerk of Court for Colleton County, South Carolina, for the deliberate deprivation of Plaintiff's constitutional right to a fair trial before an impartial jury, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. During his murder trial in Colleton County, January to March 2023, Ms. Hill— the elected Clerk of Court for Colleton County, the officer of the court charged as the primary caretaker of the jury—secretly and deliberately inserted herself into the jury's deliberative process for personal financial gain. Acting under color of state law, Ms. Hill made repeated, improper extrajudicial communications to jurors in which she urged them not to be "fooled," "confused," "thrown off," or "convinced" by Murdaugh and his defense. Ms. Hill's motive was desire for personal profit from writing a book about a guilty verdict. On May 13, 2026, the Supreme Court of South Carolina unanimously reversed Plaintiff's murder convictions and remanded for a new trial, holding that Ms. Hill's jury tampering violated Mr. Murdaugh's constitutional right to a fair trial by an impartial jury.

**2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:** The following individuals may be called to testify about the allegations in the Complaint (some witnesses are identified by descriptive category rather than by name either because their names are not known to Plaintiff at this time or because their names may be subject to protective orders or other rules against public disclosure at this time):

a. Rebecca Hill. Ms. Hill is the former Colleton County Clerk of Court.

b. Rhonda McElveen. Ms. McElvenn is the Barnwell County Clerk of Court, who assisted at the trial of *State v. Murdaugh*.

c. Current and former employees of the Colleton County Clerk of Court's Office

d. Current and former employees of the Colleton County Technology Department.

e. Current and former employees of the S.C. Office of Court Administration.

f. Current and former Colleton Courthouse bailiffs.

g. Former members of the jury *State v. Murdaugh*, including alternate jurors.

h. Law enforcement personnel involved with the investigation of juror misconduct or jury tampering issues during or after the trial in *State v. Murdaugh*.

i. Persons involved with the removal of Juror 785 before jury deliberations in *State v. Murdaugh* trial court.

**3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:** Plaintiff has not determined whether expert witness testimony will be needed or identified topics on which it might be needed.

**4. A summary of the claims or defenses with statutory and/or case citations supporting same.**

**RESPONSE:** Plaintiff brings this action under 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

**5.     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; (b) completion of discovery.**

**RESPONSE:** The parties have agreed on a joint discovery plan and joint Rule 26(f) report, which addresses these deadlines.

**6.     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

**RESPONSE:** Plaintiff is unaware of any special circumstances.

**7.     Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

**RESPONSE:** None at this time.

Respectfully submitted,

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
Phone (803) 252-4848
Facsimile (803) 252-4810
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

ATTORNEYS FOR PLAINTIFF

July 15, 2026
Columbia, South Carolina