THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Richard Alexander Murdaugh, Sr., | ) | Civ. No. 2:26-cv-1989-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S RESPONSES TO** |
| | ) | **INTERROGATORIES PURSUANT** |
| Rebecca Hill, | ) | **TO LOCAL RULE 26.03 D.S.C.** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Local Civil Rule 26.03(A) (D.S.C), Defendant, Rebecca Hill, hereby provides the following information:

1.      A short statement of the facts of the case.

**RESPONSE:** Plaintiff brings suit pursuant to 42 U.S.C. § 1983 against Defendant, former Clerk of Court for Colleton County, South Carolina, for a deprivation of Plaintiff's constitutional right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Defendant impermissibly tampered with the jury during the Plaintiff's trial for the murders of his wife and son via extrajudicial communications to jurors, ultimately leading to the South Carolina Supreme Court's reversal of Plaintiff's conviction. Defendant denies Plaintiff's allegations of jury tampering and asserts Eleventh Amendment immunity, judicial immunity, and qualified immunity.

2.      The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

a.)     Rebecca Hill, who will testify as to her interactions with the jurors and the Court during Plaintiff's criminal trial.

b.)     Rhonda McElveen, who will testify as to Defendant's interactions with the jurors and the Court during Plaintiff's criminal trial.

c.) Richard Alexander Murdaugh, Sr., who will testify as to Defendant's interactions with the jurors and the Court during Plaintiff's criminal trial, as to when he was first made aware of possible tampering, and as to his damages.

d.) Jurors and alternate jurors from the Plaintiff's criminal trial, who will testify as to Defendant's interactions with the jurors and the Court during Plaintiff's criminal trial.

e.) Judge Clifton Newman, who will testify as to the Defendant's interactions with the jurors and the Court during the Plaintiff's criminal trial.

f.) Courthouse staff and law enforcement personnel, who will testify as to the Defendant's interactions with the jurors and the Court during the Plaintiff's criminal trial.

g.) Representatives from the South Carolina Attorney General's Office, who will testify as to the Defendant's interactions with the jurors and the Court during the Plaintiff's criminal trial.

h.) Representatives from the 11th Circuit Solicitor's Office, who will testify as to the investigation and prosecution of the Defendant.

i.) Law enforcement personnel, who will testify as to their investigation into allegations of jury tampering by Defendant.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:** None known at this time.

4. A summary of the claims or defenses with statutory and/or case citations supporting same.

**RESPONSE:**

a.) Defendant alleges that Plaintiff has failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

b.) Defendant alleges that this Court lacks jurisdiction over Plaintiff's claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

c.) Defendant alleges that Plaintiff has failed to allege a compensable injury under 42 U.S.C. § 1983. See *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 304 (1986).

d.) Defendant alleges that no conduct on her part caused any injury to the Plaintiff. See *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

e.) Defendant alleges that no conduct on her part to the jury rose above the level of harmless error. See *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

f.) Defendant alleges that Plaintiff lacks standing. See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

g.) Defendant alleges that Plaintiff's claim is not yet ripe for adjudication. See *In re Naranjo*, 768 F.3d 332, 347 (4th Cir. 2014).

h.) Defendant alleges that she is entitled to immunity under the Eleventh Amendment of the United States Constitution. See *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

i.) Defendant alleges that she is entitled to judicial immunity. See *McCray v. Maryland*, 456 F.2d 1, 3 (1972).

j.) Defendant alleges that she is entitled to qualified immunity. See *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

5.     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; (b) completion of discovery.

**RESPONSE:** None known at this time.

6.     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.

**RESPONSE:** None known at this time.

7.     Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**RESPONSE:** None known at this time.

3

Respectfully Submitted,

_____s/ Charles F. Turner, Jr._____
Charles F. Turner, Jr. (Fed. I.D. # 05849)
G. Troy Thames (Fed. I.D. #07713)
J. Nathan Ozmint (Fed. I.D. #14360)
Bowman H. Taylor (Fed. I.D. #14690)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
        tthames@wjcblaw.com
        jnozmint@wjcblaw.com
        bhtaylor@wjcblaw.com
**ATTORNEYS FOR DEFENDANT**

July _20_, 2026