**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Richard Alexander Murdaugh, Sr., | Case No. 2:26-cv-01989-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Rebecca Hill, | |
| Defendant. | |

Before the Court is Defendant's motion to dismiss (Dkt. No. 10) brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted and the Complaint is dismissed without prejudice.

## I.   Background

Plaintiff was indicted in Colleton County, South Carolina for the murders of his wife and one of his children.  Prior to his murder trial, Plaintiff alleges that he liquidated his 401(k) account to fund his defense.  After a six-week trial, Plaintiff was convicted on all counts and sentenced to life in prison.  Subsequent to the trial, evidence emerged that Defendant, the duly elected county clerk of court, had communicated improperly with jurors during the trial regarding her view of the evidence and Plaintiff's guilt.  On May 13, 2026, the South Carolina Supreme Court unanimously reversed Plaintiff's convictions and remanded the case to be retried, finding that Defendant's communications with jurors amounted to "shocking jury interference." *State of South Carolina v. Murdaugh*, 931 S.E.2d 294, 313 (S.C. 2026).

Plaintiff brought this action against Defendant in her individual capacity under 42 U.S.C. § 1983 for jury tampering in violation of his rights under the Sixth and Fourteenth Amendments of the United States Constitution.  Plaintiff alleged that he spent $600,000 in his trial defense and

1

that Defendant's conduct "caused these funds to be lost." (Dkt. No. 1 ¶57). Defendant moved to dismiss this action, arguing that the funds expended by Plaintiff in his first trial "would have been spent on his criminal defense regardless of any actions taken by Defendant." (Dkt. No. 10 at 1). Defendant asserts that Plaintiff's claim fails the most basic test of a common law or constitutional tort. *See* (Dkt. No. 10-1 at 12) (noting "constitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation") (citing *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)); (*Id.* at 13-14) (arguing that "Defendant's alleged constitutional violation was neither the 'but-for' or proximate cause of Plaintiff's underlying criminal trial").

## II.   Legal Standard

### A.  Rule 12(b)(1)[1]

Under Rule 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a plaintiff's complaint by challenging the plaintiff's standing. *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, contending that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (alternation in original)). When a defendant facially challenges the complaint, "the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration," meaning a court must accept all factual

---

[1] Because the Court concludes below that the Complaint fails to establish that Plaintiff has Article III standing, it declines to address the legal standards for Defendant's Rule 12(b)(6) and immunity arguments.

allegations in the complaint as true. *Id.* at 192 (citation omitted). For a factual challenge, on the other hand, a court may go beyond the complaint to resolve the disputed jurisdictional facts. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citation omitted).

### B. Standing

Article III of the Constitution limits the judicial power of the United States to "Cases" and "Controversies." U.S. Const. art. III, § 2. That constitutional phrase "require[s] that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 592 U.S. 53, 58 (2020). An "essential and unchanging part" of that requirement is that a plaintiff must have standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing at the pleading stage, a plaintiff must "clearly . . . allege facts demonstrating" that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). "Where these requirements are not met, this court would exceed its authority if it adjudicated the merits of a dispute." *Opiotennione v. Bozzuto Mgmt. Co.*, 130 F.4th 149, 153 (4th Cir. 2025) (citation omitted).

### III. Discussion

Plaintiff's claim contains a fatal flaw—the lack of a causal connection between the funds he expended for his defense in the first trial and Defendant's misconduct. Defendant had no role in the initiation of criminal charges against Plaintiff. Plaintiff was indicted by a state grand jury and was prosecuted by the Office of the Attorney General of South Carolina. Plaintiff liquidated his retirement account to fund his defense, which was necessary without regard to the misconduct of Defendant. Simply stated, Defendant's misconduct was not a proximate cause of Plaintiff's

3

need to fund his defense costs, and there is no credible allegation that "but for" Defendant's actions Plaintiff would not have found it necessary to fund his defense costs in the first trial.

Plaintiff urges the Court to follow the Ninth Circuit's decision in *Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988), where police officers were held liable for damages in a § 1983 action for arresting the plaintiffs without probable cause. The Ninth Circuit allowed the acquitted plaintiffs to recover attorney fees arising from the improperly brought criminal trial proximately caused by the officers' misconduct. *See id.* at 1389-90. By contrast, Defendant urges the Court to follow the Second Circuit's decision in *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999), which held that law enforcement officers could not be held liable for compensatory damages arising from an illegal arrest that resulted in a criminal trial in which a plaintiff was acquitted. The Third and Seventh Circuits have followed *Townes*. *Martin v. Marinez*, 934 F.3d 594 (7th Cir. 2019); *Hector v. Watt*, 235 F.3d 154 (3d Cir. 2000).

Plaintiff's case is not analogous to *Borunda*. *See Martin*, 934 F.3d at 604 (explaining *Borunda*'s result given jury finding officers lacked probable cause to arrest plaintiffs and distinguishing *Townes* and *Hector* "where probably cause for an arrest existed despite an encounter that initially violated the Fourth Amendment"). Nor is it necessary to rely on *Townes* to grant Defendant's motion. Here, Defendant did not *cause* the murder charges to be brought against Plaintiff. Namely, if Defendant had not engaged in her communications with jurors and had performed her clerk of court duties properly, Plaintiff would have *still* needed to expend the funds necessary to pay for his defense. Plaintiff fails the threshold requirement for Article III standing— a showing that his injury was "fairly traceable to the challenged conduct of the defendant." *Spokeo*,

578 U.S. at 338.  Consequently, Defendant is entitled to dismiss this action under Rule 12(b)(1) because Plaintiff lacks standing to assert his present claim.[2]

## IV.     Conclusion

Based on the foregoing, Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED**.  The dismissal is **WITHOUT PREJUDICE**.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

August 5, 2026
Charleston, South Carolina

---

[2] Plaintiff carefully avoided seeking damages for expenses related to his upcoming retrial, plainly recognizing that such a claim is not ripe.  Nothing in this order should be construed to express an opinion regarding the possible merit or lack of merit of a claim based upon any damages Plaintiff may allege from the retrial of his murder case.